Kirk D. Miller, WSBA No. 40025
*Kirk D. Miller, P.S.*
421 W. Riverside Ave., Ste. 660
Spokane, WA  99201
(509) 413-1494 Telephone
(509) 413-1724 Facsimile

Shayne J. Sutherland, WSBA No. 44593
Brian G. Cameron, WSBA No. 44905
*Cameron Sutherland, PLLC*
421 W. Riverside Ave., Ste. 660
Spokane, WA  99201
(509) 315-4507 Telephone
(509) 315-4585 Facsimile

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOY PUTNAM, on behalf of herself and all others similarly situated, ) | Case No.: |
| Plaintiff, ) | COMPLAINT – CLASS ACTION |
| vs. ) | JURY DEMANDED |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, a Delaware limited liability company, ) ) ) | |
| Defendant. ) | |

## INTRODUCTION

Plaintiff Joy Putnam ("Plaintiff"), a Washington resident, brings this action by and through her undersigned counsel, against Defendant Portfolio Recovery

COMPLAINT - 1

Associates, LLC ("Defendant"), individually, and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## I.    JURISDICTION AND VENUE

1.1    Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d), 28 U.S.C. § 1337 and 28 U.S.C. § 1331. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

1.2    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1291(b)(2).

## II.    NATURE OF THE ACTION

2.1    Plaintiff brings this action for damages for Defendant's actions of using unfair and unconscionable means to collect a debt.

2.2    Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.3    Plaintiff is seeking damages, declaratory, and injunctive relief.

## III.    PARTIES

3.1    Plaintiff is a natural person, a resident of Washington State, and is a "Consumer" as defined by 15 U.S.C. § 1692(a)(3).

3.2    Defendant is a "debt collector," as defined by 15 U.S.C. § 1692a(6).

COMPLAINT - 2

3.3    All acts done by Defendant were done on its own behalf.

3.4    Defendant is a Delaware limited liability company engaged in the business of collecting debts in Washington State.

3.5    Defendant's headquarters are located at 120 Corporate Blvd, Suite 100, Norfolk, VA 23502-4952.

3.6    Defendant is a "collection agency," as defined by RCW 19.16.100(4)(d).

## IV.    CLASS ACTION ALLEGATIONS

4.1    Plaintiff brings this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

The Class consists of:

(a)    All individuals with addresses in the state of Washington;

(b)    Who were sued by Defendant in a Washington Court;

(c)    Where Defendant proceeded to obtain a judgment against said individuals;

(d)    Where Defendant proceeded to collect on said judgment by attempting to garnish a judgment debtor's bank account;

(e)    Where Defendant sent a garnishment exemption claim form to a judgment debtor;

(f)    Where Defendant failed to include statutory exemptions of $2500 in student loan money, and/or the $500 cash exemption;

COMPLAINT - 3

(g)    Where the judgment debtor did not have an enforceable contractual arrangement with the original creditor which required arbitration or prohibited a class action lawsuit;

(h)    Where the defective garnishment exemption notice was sent to the judgment debtor one (1) year prior to the filing of this action and on or before the date that this Court certifies the class.

4.2    The identities of all class members are readily ascertainable from the records of the Defendant and the Courts where the offending cases were filed.

4.3    Excluded from the Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

4.4    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure, because there is a well-defined community interest in the litigation:

COMPLAINT - 4

1    (a)    Numerosity: The Plaintiff is informed and believes, and on that

2           basis, alleges that the Class defined above is so numerous that

3           joinder of all members would be impractical.

4    (b)    Common Questions Predominate: Common questions of law

5           and fact exist as to all members of the Class and those questions

6           predominate over any questions or issues involving only

7           individual class members. The principal issue is whether the

8           Defendant's defective exemption notices violate the FDCPA 15

9           U.S.C §§ 1692, *et seq.*

10   (c)    Typicality: The Plaintiff's claims are typical of the claims of the

11          class members. The Plaintiff and all members of the Plaintiff

12          Class have claims arising out of the Defendant's common

13          uniform course of conduct complained of herein.

14   (d)    Adequacy: The Plaintiff will fairly and adequately protect the

15          interests of the class members insofar as Plaintiff has no

16          interests that are averse to the absent class members. The

17          Plaintiff is committed to vigorously litigating this matter.

18          Plaintiff has also retained counsel experience in handling

19          consumer lawsuits, complex legal issues, and class actions.

20          Neither the Plaintiff nor her counsel have any interests which

COMPLAINT - 5

21

1      might cause them not to vigorously pursue the instant class

2      action lawsuit.

3      (e)    Superiority: A class action is superior to the other available

4             means for the fair and efficient adjudication of this controversy

5             because individual joinder of all members would be

6             impracticable. Class action treatment will permit a large

7             number of similarly situated persons to prosecute their common

8             claims in a single forum efficiently and without unnecessary

9             duplication of effort and expense that individual's actions

10            would engender.

11    4.5    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil

12           procedure is also appropriate in that the questions of law and fact

13           common to members of the Class predominate over any questions

14           affecting an individual member, and a class action is superior to other

15           available methods for the fair and efficient adjudication of the

16           controversy.

17    4.6    The class period is the one (1) year prior to the filing of this action and on

18           or before the date that this Court certifies the class, where the defective

19           garnishment notice was sent to the judgment debtor.

20

21    COMPLAINT - 6

## V.    PLAINTIFF PUTNAM'S ALLEGATIONS OF FACT

5.1    Sometime prior to September of 2017, Plaintiff allegedly incurred an obligation to Capital One Bank.

5.2    The Capital One Bank obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

5.3    The alleged Capital One Bank obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

5.4    On or about September 25, 2017, Plaintiff's alleged Capital One Bank debt was sold to Defendant.

5.5    In December 2018, Defendant sued Plaintiff in the Spokane County Superior Court.

5.6    In December 2018, Defendant obtained a default judgment against Plaintiff.

5.7    In January 2019, Defendant obtained a writ of garnishment against Plaintiff's financial institution.

5.8    At or about the same date that the writ of garnishment was sent to the Plaintiff's financial institution, Defendant, through its counsel, also sent an exemption claim form to the Plaintiff.

COMPLAINT - 7

5.9    The exemption claim form sent to Plaintiff is a "communication" under 15 U.S.C. § 1692a(2).

5.10    RCW 6.27.130 requires that an exemption claim form be served or mailed to the judgment debtor.

5.11    The exemption claim form found at RCW 6.27.140 is a mandatory form that must be printed or typed in no smaller than size twelve-point font and contain the statutorily-required contents.

5.12    The RCW 6.27.140 exemption claim form contains check boxes for claiming specific exemptions for money in a financial institution, including the following:

IF BANK ACCOUNT IS GARNISHED:
[ ] The account contains payments from:
[ ] Temporary assistance for needy families, SSI, or
    other public assistance. I receive $ . . . . . monthly.
[ ] Social Security. I receive $ . . . . . monthly.
[ ] Veterans' Benefits. I receive $ . . . . . monthly.
[ ] Federally qualified pension, such as a state or
    federal pension, individual retirement account
    (IRA), or 401K plan. I receive $ . . . . . monthly.
[ ] Unemployment Compensation. I receive $ . . . . .
    monthly.
[ ] Child support. I receive $ . . . . . monthly.
[ ] Other. Explain . . . .
[ ] $2,500 exemption for private student loan debts.
[ ] $500 exemption for all other debts.
IF EXEMPTION IN BANK ACCOUNT IS CLAIMED,
ANSWER ONE OR BOTH OF THE FOLLOWING:
[ ] No money other than from above payments are in
    the account.
[ ] Moneys in addition to the above payments have
    been deposited in the account. Explain . . . .

COMPLAINT - 8

5.13    Defendant removed two of the exemptions from the exemption claim form.

5.14    The removed exemptions are those which allow for: 1) exemption of $2500 in student loan money; and 2) the $500 cash exemption.

5.15    Defendant's removal of these exemptions was intentional and systematic.

5.16    Defendant has sent out at least hundreds of exemption claim forms to Washington residents with the aforementioned exemptions removed.

5.17    Defendant's removal of the exemptions from the checkbox list makes it more difficult for judgment debtors to claim exemptions.

5.18    Removing the exemptions that may be claimed by checking a box may influence how and whether a consumer will respond to a garnishment.

## VI.    FIRST CAUSE OF ACTION
### Violations of the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692e and 1692f, *et seq.*

6.1    Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

6.2    Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §§ 1692e and 1692f of the FDCPA.

COMPLAINT - 9

6.3   15 U.S.C. § 1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

6.4   15 U.S.C. § 1692f states that a debt collector may not use any unfair or unconscionable means to collect a debt.

6.5   Defendant's removal of meaningful information from the exemption claim form is unfair, unconscionable, and violates 15 U.S.C. § 1692f.

6.6   By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated 15 U.S.C. §§ 1692e and 1692f of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

### VII.   REQUEST FOR PRESERVATION OF EVIDENCE

7.1   Preserve all forms of electronic data, regardless of where the data exists, without modification to or deletion of any potentially discoverable data;

7.2   Suspend all procedures that may alter or delete computer data;

7.3   Prevent deleting, overwriting, defragmenting, or compressing the data;

7.4   Preserve all archived back-up tapes and ensure that (a) if archive tapes are rotated, the relevant tapes are removed from the rotation; and (b) if backups are made to hard drives, preserve the hard drive as well;

7.5   Preserve the contents of all hard drives, network drives, tape drives, optical drives, floppy disks, CD and DVD drives, and all other types of

COMPLAINT - 10

drives or media that are within the possession, custody, or control of all people who have knowledge of relevant facts and those who work with them, such as assistants;

7.6    Preserve the contents of all information on portable computers—such as laptops, palmtops, or tablets—used by those people, as well as home computers, if these are used for work purposes;

7.7    Preserve the contents of all data on computers that were used since the limitations period on the lawsuit began (for example; five years prior to filing) but that are no longer in use; and

7.8    Disclose electronic information in the Rule 26 initial disclosures.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

8.1    Declaring that this action is properly maintainable as a Class action and certifying Plaintiff as Class representative and Kirk D. Miller as Class Counsel;

8.2    Awarding Plaintiff and the Class statutory damages;

8.3    Awarding Plaintiff costs of this Action, including reasonable attorney's fees and expenses;

8.4    Awarding pre-judgment interest and post-judgment interest; and

COMPLAINT - 11

8.5    Injunctive relief permanently enjoining Defendant's practices complained of herein; and

8.6    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

DATED this 32st day of May, 2019.

**Kirk D. Miller, P.S.**

/s Kirk D. Miller
Kirk D. Miller, WSBA No. 40025
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
kmiller@millerlawspokane.com
*Attorney for Plaintiff*

**Cameron Sutherland, PLLC**

/s Shayne J. Sutherland
Shayne Sutherland, WSBA No. 44593
Brian G. Cameron, WSBA No. 44905
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
kmiller@millerlawspokane.com
bcameron@cameronsutherland.com
ssutherland@cameronsutherland.com
*Attorneys for Plaintiff*

COMPLAINT - 12