FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 15, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOY PUTNAM, on behalf of herself and all others similarly situated,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC, a Delaware Limited Liability Company,<br><br>　　　Defendant. | NO.  2:19-CV-00189-SAB<br><br>**ORDER DENYING MOTION FOR CLASS CERTIFICATION** |

Before the Court is Plaintiffs' Motion for Class Certification, ECF No. 12. The motion was heard without oral argument. Plaintiffs are represented by Brian Cameron, Kirk Miller, and Shayne Sutherland. Defendant is represented by William Gregory Lockwood.

**Facts**

Defendant Portfolio Recovery Associates, LLC sued Plaintiff Joy Putnam in Spokane County Superior Court for an alleged debt owed to Capital One Bank. Defendant obtained a default judgment against Plaintiff and sought a writ of garnishment against Plaintiff's financial institution. As part of the garnishment process, Defendant sent Plaintiff a Notice and Exemption Claim form. The Notice and Exemption Claim Form is a statutorily mandated form. Wash. Rev. Code

**ORDER DENYING MOTION FOR CLASS CERTIFICATION ~ 1**

§ 6.27.140. Defendants used the Notice and Exemption Claim Form that was put in place in January 2018. The Notice contained the following language:

> OTHER EXEMPTIONS. If the garnishee holds other property of yours, some or all of it may be exempt under RCW 6.15.010, a Washington statute that exempts certain property of your choice (**including up to $500.00 in a bank account**) for all other debts and certain other property such as household furnishings, tools of trade, and a motor vehicle (all limited by differing dollar values).

ECF No. 20, No. 4 (bold in original).

The Exemption Claim Form asked if the account contained payments from: 1) Temporary Assistance for Needy Families, SSI, or other public assistance; 2) social security; 3) veterans' benefits; 4) federally qualified pension, IRA, or 401K plan; 5) unemployment compensation; 6) child support; or 7) other.

Plaintiff did not timely complete the Exemption Claim Form. Nonetheless, because all the income in Plaintiff's bank account was from social security, the bank did not garnish any money from her account.

**Procedural History**

On May 31, 2019, Plaintiff filed the instant action, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692e and 1692f. ECF No. 1. The basis of Plaintiff's Complaint is that Defendant used an outdated Exemption Claim Form. The Form was amended in July 2018. In addition to the seven exemptions listed above, the Form was statutorily required to include two additional exemptions: $2500 exemption for private student loan debts; and $500 exemption for all other debts. It is undisputed that the Form Plaintiff received from Defendant did not have these two checkboxes.

Plaintiff alleges that Defendant "removed two of the exemptions from the exemption claim form" and asserts that such removal was "intentional and systematic." ECF No. 1.

Plaintiff now moves to certify the following class:

**ORDER DENYING MOTION FOR CLASS CERTIFICATION ~ 2**

> All individuals with addresses in the State of Washington; who were sued by Defendant PRA in a Washington Court; where Defendant PRA obtained a judgment against the person; where Defendant PRA attempted to garnish a judgment debtor's bank account; where Defendant PRA sent a garnishment exemption claim form to a judgment debtor; in which Defendant PRA failed to include the statutory check-box exemptions of $2500 in student loan money, and/or the $500 cash exemption; and where the garnishment exemption notice was sent to the judgment debtor one (1) year prior to the filing of this action and on or before the date that this Court certifies the class.

ECF No. 12.

### Fair Debt Collection Practices Act (FDCPA)

The FDCPA was enacted as a broad remedial statute designed to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices. *See, e.g.,* 15 U.S.C. §§ 1692b (governing the acquisition of location information), 1692e (prohibiting misleading or deceptive practices). The FDCPA does not ordinarily require proof of intentional violation and is a strict liability statute. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

Whether conduct violates the FDCPA requires an objective analysis that takes into account whether "the least sophisticated debtor would likely be misled by a communication." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1027 (9th Cir. 2012). "The objective least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'" *Terran v. Kaplan*, 109 F.3d 1428, 1431–32 (9th Cir. 1997) (citation omitted).

**ORDER DENYING MOTION FOR CLASS CERTIFICATION ~ 3**

Not all false statements are actionable, however. To constitute a violation of the FDCPA, a false statement must be "material." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010). Material false statements are those that could "cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1121 (9th Cir. 2014). Immaterial false representations, by contrast, are those that are "literally false, but meaningful only to the 'hypertechnical' reader." *Id*.

Because the materiality inquiry focuses on the objective question of how the least sophisticated debtor could have reacted to a misstatement, the question of what the debtor herself would actually have done differently had Defendant not used the older form is irrelevant in determining materiality. As the Ninth Circuit has explained:

> [A] consumer possesses a right of action even where the defendant's conduct has not caused him or her to suffer any pecuniary or emotional harm. An FDCPA plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the hypothetical "least sophisticated debtor" likely would be misled.

*Tourgeman*, 755 F.3d at 1117–18 (citations omitted).

### Rule 23 Standard

Under Federal Rule of Civil Procedure 23, "[a] class action may be maintained if two conditions are met: The suit must satisfy the criteria set forth in subdivision (a) (i.e., numerosity, commonality, typicality, and adequacy of representation), and it also must fit into one of three categories described in subdivision (b)." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) (internal quotation marks omitted).

1. **Numerosity Requirement**

The numerosity requirement is met if the class is so large that joinder of all members is impracticable. Fed. R. Civ. P. 23(a).

**ORDER DENYING MOTION FOR CLASS CERTIFICATION ~ 4**

### 2. Commonality Requirement

The commonality requirement is met if there are "questions of law and fact common to the class." Fed. R. Civ. P. 23(a). "Where the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class, commonality exists." *Parra v. Bashas', Inc.*, 536 F.3d 975, 978–79 (9th Cir. 2008); *see also Wal–Mart Stores Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("What matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation."). Commonality, however, "requires the plaintiff to demonstrate the class members 'have suffered the same injury.'" *Dukes*, 564 U.S. at 349. (quotation omitted). "This does not mean they have all suffered a violation of the same provision of law." *Id.* at 350. Rather, their common contention "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

### 3. Typicality Requirement

To demonstrate typicality, the putative class must show that the named party's claims are typical of the class. Fed. R. Civ. P. 23(a)(3). "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.' " *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).

### 4. Adequacy of Representation

The named plaintiff must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). In making this determination, courts must consider two questions: "(1) do the named plaintiffs and their counsel have any conflicts of

**ORDER DENYING MOTION FOR CLASS CERTIFICATION ~ 5**

interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

### 5.   Fed. R. Civ. P. 23(b)(3)

In addition to the four Rule 23(a) requirements, the named plaintiff must show that a class action is a superior method for adjudicating the controversy. In making this determination, the Court may consider: (1) the class members' interests in individually controlling the prosecution of separate actions; (2) the extent of any litigation concerning the same controversy already begun by the class members; (3) the desirability of concentrating the litigation in a particular forum; and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3). Even if the elements of Rule 23 are satisfied, a court's decision to certify a class is discretionary. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009).

## Discussion

Plaintiffs' class certification is based on its theory that Defendant's use of an outdated form results in an automatic violation of the FDCPA. If that were true, the Court would agree that it really does not matter who the named plaintiff is because the violation was the use of the form. It would not matter the individual circumstances of each class member, or the named plaintiff. But, the Ninth Circuit has instructed that not all false statements are actionable. *See Donohue*, 592 F.3d at 1033. It is this question of materiality of the false statements that prevent Plaintiff Putnam from bringing this class action.

Plaintiff Putnam has failed to show that her claims will be in common with the purported class members. Because the only money in Plaintiff's bank account came from her social security payments, the money was exempt. It is undisputed the bank did not garnish any money from Plaintiff's account. The failure to provide the checkbox for the $500 exemption was not material because it could

**ORDER DENYING MOTION FOR CLASS CERTIFICATION ~ 6**

not have caused Plaintiff and other who only receive social security income to suffer a disadvantage in charting a course of action in response to the collection effort. In these cases, the money in the bank account was already subject to exemption. For the same reason, the failure to provide the checkbox for the $2500 private student loan debt exemption is not a material false statement that would have caused Plaintiff and others who did not have private student loan debt to suffer a disadvantage in charting a course of action.

Defendant has also demonstrated there would be members in the purported class who did not have bank accounts, who had no money in their bank accounts, or who would be subject to an arbitration agreement and class action waiver. The materiality question would be different for these members and thus, Plaintiff's claims are not typical of the purported class.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Class Certification, ECF No. 12, is **DENIED**

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 15th day of April 2020.



Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION FOR CLASS CERTIFICATION ~ 7**